IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL SCHMALL, | ) |
| Plaintiff, | ) ) ) No. 17 C 06747 |
| v. | ) ) Hon. Virginia M. Kendall |
| KOHL'S DEPARTMENT STORE, INC., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Carol Schmall seeks damages after sustaining injuries from a fall on the sidewalk near the exit of Defendant Kohl's Department Store, Inc.'s Tinley Park location in 2016. Filed pursuant to 28 U.S.C. § 1332, Schmall alleges negligence under the Illinois Premises Liability Act, 740 ILCS 130/2 (Count I), and willful and wanton conduct under 745 ILCS 10/1-210 (Count II). (Dkt. No. 1.) Kohl's filed a motion to dismiss the second count for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 9.) For the following reasons, the Court grants the motion to dismiss without prejudice. [9.]

## BACKGROUND

The following facts are taken from Schmall's complaint, and are presumed true for the purpose of reviewing the motion to dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

The Plaintiff is a resident of Illinois and the Defendant is headquartered in Waukesha, Wisconsin. (Dkt. No. 1, ¶¶ 1; 2.) On November 13, 2016, Schmall fell on the sidewalk after exiting the Kohl's store in Tinley Park "at or near its exit to the adjacent parking lot." (*Id.* ¶¶ 3;

6; 7.) Schmall states that she fell "due to the sidewalk being in an uneven, raised, and defective condition." (*Id*. ¶ 7; 17.)

Small asserts that Kohl's had a duty at all relevant times to ensure proper maintenance and care of the sidewalk so that people were not harmed or injured. (*Id*. ¶ 8, 18.) Furthermore, Schmall claims that Kohl's failed in its duty because they did not do any of the following: maintain the sidewalk area, provide for a safe place for patrons, repair, fix, place barricades or mend the sidewalk when it knew or should have known of the sidewalk defects, warn persons of the dangerous condition, and for allowing the sidewalk to remain uneven, defective and dangerous. (*Id*. ¶¶ 9; 19.)[1] As a result of these failures on the part of Kohl's, Schmall fell and suffered injuries of both economic and non-economic nature, including but not limited to medical expenses, pain and suffering, and loss of earnings. (*Id*. ¶¶ 10, 20.) Particularly relevant to the underlying motion to dismiss, Schmall states that Kohl's "willfully and negligently acted or failed to act" in one or more of the ways mentioned above resulting in wanton and willful conduct. (*Id*. ¶ 19.)

## **LEGAL STANDARD**

When considering the Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 555 (2007). In order to avoid dismissal under 12(b)(6), the complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and where the complaint plausibly suggests that the

---

[1] The Plaintiff duplicates a majority of the facts and claims within the complaint to serve as the basis for both Counts I & II.

2

plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

"It is not enough for a complaint to avoid foreclosing possible bases for relief; [the complaint] must actually suggest that the plaintiff has a right to relief ... by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777. Additionally, a plaintiff "can plead himself out of court by including factual allegations that establish that he is not entitled to relief as a matter of law." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

## ANALYSIS

In order to succeed on a claim of willful and wanton conduct, Schmall must allege the Kohl's conduct constitutes "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." *Chapman v. Keltner*, 241 F.3d 842, 847 (7th Cir. 2001) (*quoting* 745 ILCS 10/1-210). Illinois courts and the Seventh Circuit recognize that willful and wanton conduct is different from negligence in that "willful and wanton conduct carries a degree of opprobrium not found in merely negligent behavior." *Id.*; *see also City of Rockford v. Floyd*, 104 Ill. App. 2d 161, 243 N.E.2d 837 (2d Dist. 1968). It is conduct that "approaches the degree of moral blame attached to intentional harm, since the defendant deliberately inflicts a highly unreasonable risk of harm upon others in conscious disregard of it." *Chapman*, 241 F.3d at 847 (*citing Loitz v. Remington Arms Co.*, 139 Ill. 2d 404, 415 (Ill. 1990)). Generally, the question of whether an action was willful and wanton conduct is one of fact for the jury. *Willmann v. Jargon*, 37 Ill. App. 2d 380, 382 (Ill. App. 1962). Willful and wanton conduct is (1) a

consciousness on the part of the defendant that his conduct would naturally and probably result in injury, (2) any intentional disregard of a known duty, or (3) any absence of care for the life, person, or property of others such as exhibits a conscious indifference to consequences. *Scarlette v. Hummer*, 41 Ill. App. 2d 138, 143 (Ill. App. 1963); *see also Nattens v. Grolier Soc., Inc.*, 195 F.2d 449, 451 (7th Cir. 1952). Construing all the evidence in aspects most favorable to the plaintiff, where there is an obvious lack of proof of such conduct, it is incumbent on the trial court, upon request, to withdraw that issue from the jury. *Scarlette*, 41 Ill. App. 2d at 143.

Applied here, Schmall does not sufficiently plead facts that rise to the level of willful and wanton conduct. Even taking all of the facts in the complaint as true – that Schmall was on property requiring upkeep by Kohl's, that she fell as a result of an uneven or defective portion of the sidewalk, and that Kohl's did not maintain, repair, or conduct itself in a manner consistent with proper safety measures – the Plaintiff does not include any facts that suggest knowledge of the defect, or that suggest any type of deliberate indifference by Kohl's. (Dkt. No. 1, at ¶ 19.) In fact, the closest Schmall gets to pointing out any degree of knowledge or reckless disregard are statements that Kohl's "knew or should have known" of the defective sidewalk. (*Id.*) This is further supported by the fact that the two counts in the complaint are nearly identical. Schmall does little more than cite to the Local Governmental and Governmental Employees Tort Immunity Act and change the wording of the allegation from "careless and negligent conduct" to "willfully and negligently acted" between paragraphs 9 and 19 of the complaint. Doing so does not factually establish the degree of support required to permit the higher standard of negligence in willful and wanton conduct.

Although the Court dismisses Count II, it does so without prejudice. As such, Schmall is permitted to file an amended complaint in an attempt to properly plead the facts required for

4

willful and wanton conduct. This is, in part, because of statements made by the Parties during the initial status hearing held on December 19, 2017. Counsel for Schmall stated that they possibly had evidence of prior knowledge of the defect in the sidewalk as well as other incidents where individuals slipped and fell in the same area. Those kinds of facts, even if alleged generally within the complaint, are much more analogous to the kinds of facts tending to show "a degree of opprobrium not found in merely negligent behavior."

## CONCLUSION

For the reasons outlined above, Defendant Kohl's Motion to Dismiss Count II of the Complaint for Failure to State a Claim is granted and Count II of the complaint is dismissed without prejudice [9].

_____
Hon, Virginia M. Kendall
United States District Judge

Date: January 19, 2018