IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL SCHMALL, ) | |
| ) | |
| Plaintiff, ) | No. 17 C 6747 |
| ) | |
| v. ) | Hon. Virginia M. Kendall |
| ) | |
| KOHL'S DEPARTMENT STORE, INC., ) | |
| and DDR CORP., ) | |
| ) | |
| Defendants. ) | |

## ORDER

After the Court dismissed her claim for willful and wanton conduct, (Dkt. No. 24), Plaintiff Carol Schmall filed a Second Amended Complaint ("SAC") against Defendant Kohl's Department Store, Inc. renewing state law claims for negligence and willful and wanton conduct resulting from a slip-and-fall on a sidewalk in front of a Kohl's store in Tinley Park, Illinois.[1] *See* (Dkt. No. 33). Schmall also joined Defendant DDR Corp. in the SAC. *Id.* Again Kohl's moves to dismiss Schmall's claim for wanton and willful conduct (Count III), (Dkt. No. 37), and again the Court grants the motion to dismiss. [37.]

## STATEMENT

The facts of the case are outlined succinctly in the Court's first order granting the Defendant's Motion to Dismiss and are relatively unchanged in the Second Amended Complaint. *See* (Dkt. No. 24). Any additional factual background in the Second Amended Complaint is noted and accepted as true for the purpose of reviewing the Motion to Dismiss. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

As noted in the previous order, proving willful and wanton conduct requires a plaintiff to allege all of the elements of negligence – duty, breach, proximate causation, and damages – as well as "a deliberate intention to harm or a conscious disregard for plaintiffs' welfare." 745 ILCS 10 § 1-210; *Jane Doe-3 v. McLean Cnty. Unit Dist. No. 5 Bd. of Directors*, 973 N.E.2d 880, 890 (Illinois).[2] The parties do not dispute that Schmall pleads facts necessary to allege the elements of negligence, *see* (Dkt. No. 37, at 3) (addressing only the "willful and wanton" requirement), leaving only the need to show deliberate harm or disregard. In other words, Schmall must allege conduct that constitutes "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." *Chapman v. Keltner*, 241 F.3d 842, 847 (7th Cir. 2001). The SAC is devoid of any facts alleging that Kohl's ever acted with deliberate intention to cause harm; rather Schmall concludes that Kohl's consciously disregarded or was utterly indifferent to her safety and that of other customers without any factual allegations to bolster that claim. *See* (Dkt. No. 33, at ¶ 26).

---

[1] *See* 740 ILCS 130 § 2; 745 ILCS 10 § 1-210.
[2] The Court has diversity jurisdiction and so applies Illinois law for the substantive and choice of law issues. *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 636-38 (7th Cir. 2002).

In dismissing Schmall's first claim for willful or wanton conduct, the Court held that the "Plaintiff does not include any facts that suggest knowledge of the *defect*, or that suggest any type of deliberate indifference" rising beyond the level of negligence on the part of Kohl's. *See* (Dkt. No. 24, at 4) (emphasis added). In part, this was based on the fact that the negligence and willful and wanton counts were almost identical but for the addition of the words "willful and wanton" to the latter. *Compare* (Dkt. No. 1, at ¶ 9), *with* (Dkt. No. 1, at ¶ 19). A plaintiff must do more than simply adding the words "willful" or "wanton" within a complaint to support such a claim. *Youker v. Schoenenberger*, 22 F.3d 163, 168 (7th Cir. 1994).

New to the SAC, other than the addition of a second defendant – DDR Corp. – who owns, operates, manages, and controls the physical lot where the Kohl's store is located, are facts alleging that "while on the ground injured after being caused to fall, a cashier from Kohl's, who witnessed Plaintiff's fall, came out of the store to assist the Plaintiff," and that "while assisting the Plaintiff, the cashier informed Plaintiff that other customers of Defendant Kohl's had fallen in the same location previously." *See* (Dkt. No. 33, at ¶ 24). Schmall alleges that this employee-witness' observation and statements support the conclusion that Kohl's had "actual notice," or "knew or should have known," of a "defective, dangerous condition," and was "otherwise careless and negligent in the maintenance and care of the premises" in spite of that knowledge. *Id*. ¶ 26.

Yet these new allegations do not rise to the level of conduct that "approaches the degree of moral blame attached to *intentional* harm," whereby Kohl's "deliberately inflict[ed] a highly unreasonable risk of harm upon others in conscious disregard of it." *See Chapman*, 241 F.3d at 847 (emphasis added). As pointed out in the Motion to Dismiss, that an employee of the company observed other people fall in the same area (the entrance to the store in November) without specific reference to the claimed defective or hazardous condition does not elevate the claim to action that is willful and wanton because there is no proof that the claimed defect caused any of the other falls. It does not even suggest that the employee or Kohl's had knowledge of the defect simply because people were observed falling. There is also no record of whether those observations were reported to management and so it would be mere speculation or conclusory to assume that Kohl's itself had actual knowledge. Further, that the employee came to Schmall's assistance undermines any notion of intentional harm, or the exercise of deliberate indifference as to the safety of Schmall or others on the property.

Citing *Burke v. 12 Rothschild's Liquor Mart, Inc.*,[3] *Chapman*, and this Court's first order, Schmall states "the facts pleaded by the Plaintiff in Count III of her Second Amended Complaint 'show a degree of opprobrium not found in merely negligent behavior.'" *See* (Dkt. No. 40, at 5). Opprobrium is defined as a public disgrace or ill fame that follows from conduct considered grossly wrong or vicious.[4] However the facts alleged in the Plaintiff's SAC hardly rise to the level of grossly wrong or vicious. Accordingly, the Motion to Dismiss is granted and Count III of the Second Amended Complaint is dismissed with prejudice. [37.]

_____
Hon. Virginia M. Kendall
United States District Judge

Date: June 1, 2018

---

[3] 593 N.E.2d 522, 551 (Ill. 1992).
[4] OPPROBRIUM, Merrriam-Webster's Collegiate Dictionary 816 (10th ed. 1996).