# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAROL SCHMALL, | ) |
| Plaintiff, | ) No. 17 C 6747 |
| v. | ) Hon. Virginia M. Kendall |
| KOHL'S DEPARTMENT STORE, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case arises from a fall outside the entrance of a Kohl's Department Store in Tinley Park, Illinois. Plaintiff Carol Schmall brought this negligence claim against Kohl's for injuries she suffered from the fall. Kohl's moves for summary judgment. For the reasons stated here, the motion for summary judgment [Dkt. 66] is granted.

## I. STATEMENT OF FACTS

### A. Schmall's Compliance with Local Rule 56.1

Before summarizing the facts of the case, the Court must begin by addressing deficiencies in Schmall's submissions. Schmall's statement of additional facts does not include any attachments or exhibits and it repeatedly refers to documents and deposition testimony that are not in the record. Many of the documents Schmall cites, both in her statement of additional facts and her response to Kohl's statement of facts, appear to be included in the materials Kohl's attached to its statement of facts, and the Court endeavored to identify those instances. But where the Court was unable to do so, and where Schmall's additional facts and denials are otherwise not properly supported with citations to materials in the record, those facts and denials have been disregarded for purposes of this motion, as reflected in the facts set forth below. *See* L.R. 56.1(a), (b)(3)(B);

1

*Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) ("[W]here a non-moving party denies a factual allegation by the [moving party], that denial must include a specific reference to the affidavit or other part of the record that supports such a denial"); *see also* L.R. 56.1(b)(3)(C) (non-moving party's statement of additional facts must include "references to the affidavits, parts of the record, and other supporting materials relied upon"); *Friend v. Valley View Cmty. Unit School Dist. 365U*, 789 F.3d 707, 710-11 (7th Cir. 2015) (disregarding facts contained in non-moving party's statement of additional facts that were not supported by proper citations to the record).

### B. The Facts of the Case

The Court takes the relevant facts from the parties' Local Rule 56.1 statements of undisputed material facts and supporting exhibits, with the limitations outlined above.[1] The following facts are supported by the record and, except where otherwise noted, are undisputed.

On November 13, 2016, Plaintiff Carol Schmall tripped and fell on the sidewalk near one of the entrances of a Kohl's Department Store in Tinley Park, Illinois. (Dkt. 67 ¶ 6.) Schmall testified that as she was walking into the store's south entrance, her toe was caught in a gap in the concrete sidewalk, causing her foot to stop moving while the upper half of her body continued moving forward, which in turn caused her to fall and land on her left hand. (*Id.* ¶ 13; *see also* Dkt. 79 ¶ 5.) Schmall testified that the gap was comprised of an area in the seam between two concrete sidewalk slabs that was missing some caulk, which made the area unlevel and created a receded area or "lip" that caught her toe, causing her to fall. (Dkt. 67 ¶ 14; *see also* Dkt. 79 ¶¶ 6-7.)

---

[1] *See* Defendants' Local Rule 56.1 Statement of Facts (Dkt. 67); Plaintiff's Response to Defendant's Statement of Facts (Dkt. 78); Plaintiff's Rule 56.1(B)(C)(3) Statement of Facts (Dkt. 79); and Kohl's Answer to Plaintiff's Rule 56.1(B)(C)(3) Statement of Additional Facts (Dkt. 80).

Kohl's Area Supervisor Donna Nicholson heard about Schmall's fall just after it happened and went outside to the south entrance and saw Schmall in the process of getting up off the ground. (*Id.* ¶ 21; *see also* Dkt. 79 ¶¶ 1, 22.) Schmall did not tell Nicholson that a defect on the entrance caused her fall. (Dkt. 67 ¶ 22.) Nicholson did not ask Schmall exactly where she had fallen. (Dkt. 79 ¶ 21.) Nicholson examined the area where she found Schmall on the ground and did not see a defect. (Dkt. 67 ¶ 23.) That day, Nicholson and Kohl's employee Cindy Barczak took photographs with a tape measure of the area where Nicholson saw Schmall getting up from the ground. (*Id.* ¶ 24.) The photographs Nicholson and Barczak took truly and accurately depict the store's south entrance as it existed on November 13, 2016. (*Id.*)

At her deposition, Schmall circled the approximate area where the sidewalk defect was located on a copy of one of the photographs Nicholson took. (Dkt. 67 ¶ 26.) The area Schmall circled, which she identified as being the area with missing caulk that caused her to catch her foot and fall, was located on a concrete seam that runs north to south, which the parties called "Seam 2" for identification purposes. (*Id.* ¶ 27; *see also* Dkt. 67-7 at 2.) Seam 2 runs perpendicular to the direction Schmall was walking when she fell. (*Id.* ¶ 27.) The area Schmall circled was located approximately eleven inches to the left (or south) of another concrete seam that runs east to west, from the Kohl's parking lot to the store entrance doors. (*Id.* ¶¶ 27, 33.) The parties called the east/west seam "Seam 1" for identification purposes. (*Id.*) The area Schmall circled in the photograph was located on Seam 2, eleven inches south of the intersection of Seam 1 and Seam 2. (*Id.* ¶¶ 27, 33; *see also* Dkt. 67-7 at 2.)

Seam 2 runs parallel to a red plastic rumble strip that separates the parking lot pavement from the concrete entranceway to the store where Schmall fell. (*Id.* ¶ 30; *see also* Dkt. 67-7 at 2.)

The rumble strip is approximately 25 inches wide, and Seam 2 is approximately 19 inches from the rumble strip. (*Id.* ¶¶ 30-31.)

The receded area or gap where concrete caulk was missing was approximately 4.5 inches long. (*Id.* ¶ 15.) Schmall estimated that the gap was between six and eight inches long. (Dkt. 79 ¶ 8.) The concrete seams between sidewalk slabs at the entrance are between one and two inches wide. (Dkt. 67 ¶ 16.) The gap was less than one inch deep. (*Id.* ¶ 56.) Schmall and her husband identified the gap as between one and two inches deep. (*Id.* ¶ 55; Dkt. 79 ¶ 11.)

The day before her deposition, Schmall returned to the Kohl's store with her attorney, who took photographs of the area, including the sidewalk defect. (Dkt. 67 ¶ 29.) When asked during her deposition to identify the area where her foot got caught in one of photographs taken by her attorney, Schmall circled approximately the same area she circled in Nicholson's photograph. (*Id.*; *see also* Schmall Deposition, Dkt. 67-2 at 46:22-47:1; Dkt. 67-8 at 3.)

Kohl's captured video footage of Schmall's fall. (Dkt. 67 ¶ 30.) The video footage truly and accurately depicts Schmall's fall and the condition of the store's south entrance as it existed on November 13, 2016. (*Id.* ¶¶ 35-36.) The video footage shows that Schmall had taken three steps past the red rumble strip when she tripped and fell. (*Id.* ¶¶ 37-39.) As Schmall was taking her third step past the rumble strip, her left foot bowed as it hit the ground, causing her to trip and fall. (*Id.* ¶¶ 39, 41.) The shoes Schmall was wearing when she fell were approximately nine to ten inches long. (*Id.* ¶ 42.)

Store Manager Sara Verbich reviewed the video footage and screenshots of certain frames of the footage.[2] (*Id.* ¶ 43.) The screenshots accurately portray those frames of the footage. (*Id.*)

---

[2] Schmall disputes Kohl's statements of fact that are supported by Verbich's deposition testimony about her review of the video footage. (*See* Dkt. 78 ¶¶ 43-51.) She disputes the statements on the grounds that the video speaks for itself, that Verbich reviewed the video for the first time four days before her deposition in this case, that Verbich's testimony about the video was elicited through leading questions by her attorney, and that Verbich never spoke to Schmall or

4

Verbich testified that she had no recollection of reviewing the video footage until she was preparing for her deposition for this case. (Dkt. 79 ¶ 28.) The screenshot taken at the moment Schmall began to trip shows that she had already walked past Seam 2—and thus past the defect she identified—when she began to trip and fall. (Dkt. 67 ¶ 48; *see also* Dkt. 67-10 at 8, 11.) The screenshot capturing Schmall's fall shows that, at the moment she fell, her feet were not near the defect she identified during her deposition. (*Id.* ¶¶ 49-50.) The video footage also shows that when Schmall walked toward the store entrance, she was on the right (or north) of Seam 1. (*Id.* ¶ 51.) She was never on the left (or south) of Seam 1, which is where she identified the defect to be located. (*Id.*) Schmall was looking in her purse when she tripped and fell. (*Id.* ¶ 54.)

Schmall attempts to create a disputed issue of fact by citing to her own testimony about how and where she fell. Unfortunately for Schmall, her own memory of the event is belied by the video footage, which clearly and unequivocally shows that she did not catch her foot in the sidewalk gap or trip where she said she did. In fact, the video shows that Schmall was multiple feet away from the defect she identified and was rummaging through her purse when she fell.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014); Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the

---

her husband about the fall, never reviewed Schmall's deposition testimony, and never spoke to Nicholson or other Kohl's employees about the fall. (*Id.*) First, the Court "disregards the portions of the parties' Local Rule 56.1 submissions that make legal arguments and assert legal conclusions, which are not factual statements at all." *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018). Second, Schmall's attorney did not object to the leading questions at the deposition, *see* Dkt. 67-9 at 161-170, and failure to timely object to a question's form during a deposition results in waiver. Fed. R. Civ. P. 32(d)(3)(B). None of Schmall's other stated grounds have any bearing on Verbich's ability to testify about her knowledge of the video footage or screenshots.

5

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the Court construes all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland School District*, 743 F.3d 524, 528 (7th Cir. 2014).

### B. Schmall's Negligence Claim

The Court must begin by noting that Schmall did not file a memorandum of law opposing Kohl's motion for summary judgment, as Local Rule 56.1(b)(2) requires, and relies solely on her response to Kohl's statement of facts and her statement of additional facts to attempt to create a genuine dispute of material fact and avoid summary judgment. By failing to file an opposition brief responding to Kohl's motion, Schmall has waived any argument against summary judgment. *See, e.g.*, *Yang v. Fedex Freight, Inc.*, No. 15 C 1037, 2016 WL 3444219, at *6 (N.D. Ill. June 23, 2016); *Seldon v. City of Chicago*, No. 14 C 7455, 2016 WL 3766339, at *3 (N.D. Ill. July 7, 2016) ("Plaintiff failed to file a brief in response to the City's motion for summary judgment. Accordingly, any arguments she has in opposition to the City's request for judgment are waived.")

Schmall brings a negligence claim against Kohl's based on the condition of the sidewalk outside the store entrance, which she claims was defective and caused her to fall and injure herself. (Dkt. 33 ¶¶ 7-9, 11-12.) Jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1441(a) and Illinois substantive law applies. *Fednav Intern. Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 838 (7th Cir. 2010). To prevail on a negligence claim under Illinois law, Schmall must show "a duty owed by the defendant, a breach of that duty, and injury that was proximately caused by the breach." *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016) (citing

*Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of N.Y., Inc.*, 753 N.E.2d 1007, 1010 (Ill. App. Ct. 2001)). "In Illinois, a business like [Kohl's] owes customers a duty to maintain its premises in a reasonably safe condition to avoid injuries to those customers." *Id.* (citation omitted). "Significantly, speculation or conjecture regarding the cause of an injury is not sufficient in Illinois to impose liability for negligence." *Id.* (citation omitted).

Kohl's does not dispute that it owed Schmall a duty of care to maintain its premises in a reasonably safe condition. But it argues that the sidewalk defect did not proximately cause Schmall's injuries, and that even if it had, the defect was too *de minimis* to be actionable. The Court agrees that Schmall has failed to create a triable issue of fact as to whether the sidewalk defect she identified proximately caused her injuries. The undisputed facts establish that Schmall had stepped multiple feet beyond the defect before she tripped and fell. (Dkt. 67 ¶¶ 48-50.) The undisputed facts also establish that Schmall was never south of Seam 1 at any point, which is where she identified the defect to be located. (*Id.* ¶ 51.) Schmall failed to create a genuine dispute as to any of these material facts, and she waived any argument in her favor by failing to file a brief opposing Kohl's motion for summary judgment. In light of the undisputed facts here, any assertion by Schmall that a sidewalk defect caused her injuries is purely speculation or conjecture, which is not sufficient to survive summary judgment. *See Piotrowski*, 842 F.3d at 1039; *see also Strutz v. Vicere*, 906 N.E.2d 1261, 1264 (Ill. App. Ct. 2009) ("Liability cannot be predicated on conjecture, rather proximate cause is established when there is reasonable certainty that the defendant's acts or omissions caused the injury.") Schmall cannot establish that her fall and resulting injuries were proximately caused by the defect, which is an essential element of her claim, so she cannot survive summary judgment. *See Abrams v. City of Chicago*, 811 N.E.2d 670, 674 (Ill. 2004) ("Although the issue of proximate cause is ordinarily a question of fact determined by the trier of fact, it is

well settled that it may be determined as a matter of law by the court where the facts as alleged show that the plaintiff would never be entitled to recover.")

Kohl's also argues that even if the defect had proximately caused Schmall's injuries, the defect is too *de minimis* to be actionable. The Court agrees, and Schmall has waived any argument to the contrary by failing to file a memorandum of law opposing Kohl's motion for summary judgment. "Municipalities do not have a duty to keep all sidewalks in perfect condition at all times." *St. Martin v. First Hosp. Grp.*, 9 N.E.3d 1221, 1225 (Ill. App. Ct. 2014) (citation omitted); *see also Hartung v. Maple Inv. & Dev. Corp.*, 612 N.E.2d 885, 889 (Ill. App. Ct. 1993) (applying *de minimis* rule to private landowners). Outdoor concrete slabs "cannot be maintained perfectly at all times" due to the "extreme and changeable weather conditions in Illinois," so "slight variations in sidewalk elevations are to be expected." *Hartung*, 612 N.E.2d at 889. The *de minimis* rule "recognizes that requiring that sidewalks be kept free of minor defects would be unduly burdensome and impractical . . . and could be intolerably expensive." *Morris v. Ingersoll Cutting Tool Co.*, 1 N.E. 3d 45, 48 (Ill. App. Ct. 2013).

Where "the height variation between the concrete slabs was less than two inches[,] [s]uch a defect generally is not actionable, because it is *de minimis*." *St. Martin*, 9 N.E.3d at 1227. Here, it is undisputed that the defect was less than two inches deep—both Schmall and her husband testified that the gap was approximately one to one-and-a-half inches deep. (Dkt. 67 ¶¶ 55-56; Dkt. 79 ¶ 11.) Even if Schmall could create a triable issue of fact as to whether the defect proximately caused her injuries, her claim would still fail because the defect is too *de minimis* to be actionable. *See Gresser v. Union Pacific R. Co.*, 130 F. Supp. 2d 1009, 1014 (C.D. Ill. 2001) ("Summary judgment is an appropriate method to dispose of a case if the Court finds that a defect in a crosswalk is too de minimis to be actionable.") (collecting cases.)

## III. CONCLUSION

Schmall has not created a genuine dispute of material fact on the issue of proximate cause. Accordingly, she has failed to present a *prima facie* negligence claim. Even if she had, the defect she identified is too *de minimis* to be actionable. For these reasons, the Court grants Kohl's motion for summary judgment [Dkt. 66].

_____
Virginia M. Kendall
United States District Judge

Date: July 19, 2019